DeadeRick, Cli. J.,
delivered tlie opinion of the court:
Upon the application of complainant’s solicitor, we have i e-exam ined the case upon the petition for rehearing and for modification of the decree heretofore entered.
The hill was filed primarily to set aside an assignment or mortgage of certain debts due to Webb, and other personal property belonging to him, which he made to Gooch, to secure and indemnify Gooch against loss as "Webb’s surety, for the purchase money of a tract' of land purchased at a chancery court sale.
It was alleged that the transaction was fraudulent and void as against complainants, who were creditors of Webb, and that he had ample security against loss in the lien retained in the chancery cause upon the land sold for the payment of the purchase money.
We held, however, that the record disclosed no fraudulent intent as against Gooch, and that he could not be deprived of the benefit of the mortgage for his indemnity, and dismissed complainant’s bill.
Upon a more careful re-examination of the record, we think that there are such allegations and prayers in the bills as to warrant the granting of the alternative relief now insisted on.
The bill charges, that by fraudulent representations and promises, complainants were prevented from taking measures to collect their debt until the defendant Webb could have time and opportunity to put the fund as a payment on the land bought at said chancery sale, and the bill prays that a lien to the extent of these payments on the land be given complainants on Webb’s interest therein.
Webb has made no payment on the land, except from the proceeds of the mortgaged personalty.
There still remains a balance due upon the land, and we are satisfied that Webb made the mortgage to Gooch, that he might shield the mortgaged personalty.
Complainant’s claim, to which he had promised them it *583 should be applied, and which, they might have subjected thereto but for his promises to transfer it to them. But Webb stipulated with Gooch that this personal property should be applied to relieve the. lien subsisting on the land for the purchase money; that he might thus claim the land as exempt under the homestead law. This he does claim in his answer, and if the claim is allowed he will have relieved the land to a great extent from the payment of the purchase money, and have taken assets liable for the payment of his debts, and put them in land that they might be beyond reach of his creditors.
This, we think, would be to allow the perpetration of a fraud upon his creditors, and cannot be permitted.
In Bump on B. Con., 268-9, it is said that partners who own land in common will not be allowed to divide it in fraud of creditors, so that each may claim a homestead, and it is further said that it. is a fraud for a debtor to convert his assets into property which is exempt from execution, or to sell his property for the purpose of paying off a mortgage upon his homestead.
If he has money on hand, he may pay off such mortgage. The fraud seems to consist in this: the debtor who has property subject to his creditor’s claim, by his own act places it beyond their reach, and secures to himself all the benefits to be derived from it.
We have held that Gooch was entitled to be indemnified against loss on account of his suretyship. But Webb cannot be allowed, under the form of protection of Gooch, to reserve or provide for a benefit to himself at the expense of his creditors. The result is, that the decree heretofore entered will be so far modified as that the land so purchased will be held liable to the extent paid for by the mortgaged personal property, for the benefit of complainant, after first satisfying the balance of the. purchase money due upon it, and for which Gooch is liable.
The complainant will pay the costs of this court in the *584 first instance, and may Lave a decree over for tire same against Webb, and tlie cause will be remanded for proper accounts, and further proceedings.